CHRISTENSEN v. WILLIAMS et al.

No. 1894.   Decided Aug. 31, 1908 (96 Pac. 219).

TRUSTS—RESULTING TRUST—EVIDENCE.   In an action to require an administratrix and heirs to deed to plaintiff property purchased by plaintiff, the title to which was taken in the name of decedent, her father, evidence *held* to show that the property was purchased in the first instance by plaintiff, and that the written contract of purchase was made in her name and for her use and benefit, and not for the use and benefit of her father.

Appeal from District Court, Second District; J. A. Howell, Judge.

Action by Sarah Williams Christensen against Susanna Williams, individually and as administratrix of Griffith Williams, and others.   Judgment for defendants, and plaintiff appeals.

REVERSED AND REMANDED, WITH DIRECTIONS TO ENTER JUDGMENT FOR PLAINTIFF.

*J. N. Kimball* and *C. R. Hollingsworth* for appellant.

*J. D. Skeen* for respondents.

STRAUP, J.

This action was brought by plaintiff to obtain a decree requiring the administrator and heirs of Griffith Williams, deceased, to execute a deed of conveyance to her of certain real property situate in Ogden City.   In the complaint it was alleged that the plaintiff in May, 1900, purchased the property of the Ogden Building & Savings Association, at which time a written contract was entered into between the plaintiff as the second party and the association as the first party, whereby it was agreed to convey the property to her by warranty deed upon the payment of $300; that the deceased, her father, made the final payment of $120 in April, 1902, out of moneys in his hands belonging to plaintiff, and caused the deed to be made in his name, contrary to the provisions

of the written contract of purchase. The court found that the deceased purchased the property from the association, and had the contract of purchase executed in the name of the plaintiff for his use and benefit; that he paid all the purchase price except the sum of $100, which was paid by the plaintiff; that, when the final payment was made, the deceased and plaintiff together visited the office of the association, and there surrendered the written contract and requested the association to make the deed in the name of the deceased, which was done. Judgment was therefore rendered in favor of the defendant. Plaintiff appeals. She contends that the findings are not supported by, but are contrary to, the evidence.

We do not find any evidence supporting the finding that the deceased purchased the property for himself, or that the contract of purchase was taken in plaintiff's name for his use and benefit. The officers of the association negotiating the sale testified that the plaintiff and the deceased visited their office several times before the contract was executed; that they were both present when the contract was made, and that the plaintiff herself made the first payment, the sum of $80; that they inquired of her concerning her financial ability to make the deferred payments, when her father replied that "she had worked for him a long time and had done lots of work, and that he would assist her in the making of the payments." Other witnesses testified to similar statements made by the deceased. As shown by the records of the association, the plaintiff made three payments which were applied upon the principal—one in the sum of $80, one in the sum of $20, and one in the sum of $100. The deceased two—one in the sum of $50, one in the sum of $52.60, and that he made six payments of interest amounting to the sum of $27.60. The plaintiff, however, testified that the first payment made by her was from money which her father let her have; the others from moneys earned by herself. After the contract was executed, plaintiff went into possession of the property, and occupied the dwelling until the deceased died, except a short time when she was employed as a cook in one of the canyons.

During the greater part of the time, her parents also occupied a portion of the house. At other times tenants lived in a portion of it, and at some of the time she occupied the house alone. Some of the tenants paid rent to her father; some to her. Most of the taxes were paid by the deceased, but some of them were paid by the plaintiff. The deceased made the final payment on the purchase price. The officers of the association who executed the deed on its behalf testified that the deceased and some woman whom they thought was the plaintiff visited the office, surrendered the contract, and requested the deed to be made in the name of the deceased. The contract was not assigned by plaintiff, nor was there any writing from her requesting the deed to be made in her father's name. The officers testified that they could not remember whether the plaintiff was present on that occasion, but testified that to their best recollection she was present and requested the deed to be made in the deceased's name. She testified that she was not there, and that she had no knowledge that the deed had been made in her father's name until she and her husband, after her father's death, visited the office of the association and inquired about it.

If the decision of the case depended upon the question whether the plaintiff consented to the making of the deed in the name of her father, or upon the exclusive possession on her part of the property, we would not be inclined to interfere with the finding, for the reason that the evidence is somewhat conflicting upon such questions. But on the questions whether the property was purchased in the first instance by the plaintiff, and that the written contract of purchase was made in her name and for her use and benefit, and not for the use and benefit of her father, there is no conflict. All the evidence bearing upon the question tends to support the claim of the plaintiff, and to dispute that of the respondent. The fact that her father assisted her in making the payments does not affect the conclusion that the plaintiff was the owner of the property when paid for as stipulated in the written contract of purchase.

34 Utah—9

The judgment of the court below is therefore reversed, and the cause remanded, with directions to make findings in favor of plaintiff, and to enter judgment in her favor in accordance with the prayer of the complaint.  Costs to appellant.

McCARTY, C. J., and FRICK, J., concur.